v. United States of America v. United States of America v. United States of America Our next case is Kent International v. United States, 2021-1065. That was a good deed you performed, Mr. Reed, making sure that gentleman didn't lose his umbrella. Thank you very much, Your Honor. Please proceed. Good morning, Your Honors, and may it please the Court. Patrick Reed for Appellant Kent International. Your Honors, the lower court committed reversible error because it violated the customs regulations governing the importer's claim that there was a consistent two-year treatment of classifying the imported bicycle seats as seats. When the lower court said that the treatment was not consistent, the lower court erroneously considered eight bypass liquidations of entries. Bypass liquidations are entries that were processed automatically by customs without customs officer review. And in addition, Kent had filed protests against the bypass liquidations to reserve its rights and assure that the liquidations were not final and conclusive. Now, the regulation says that these bypass entries shall be given no weight whatsoever. Absolutely right, Your Honor. And the lower court's error was that it considered the clause above that, which says that there has to be an importer's classification, the seat classification has to be applied consistently as reflected in liquidations of entries. And then the court did not read that in conjunction with the next clause, which prohibits it from considering the bypass liquidations. That is the essence of the reversible error. But isn't the court supposed to consider all liquidations? The regulation, the two regulations, I and double I, seem to be read in conjunction with each other. Double I qualifies in limits. Single I says that where single I says liquidations of entries, that is qualified by double I that says do not consider bypass liquidations. Now, this is clear from this court's decision in Motorola, which says in Motorola, the importer's claim classification was consistent with 900 bypass liquidations. And the court said that it was improper to consider the bypass liquidations because those had not been reviewed or considered by any customs officer. And the government's argument here, well, it seems to me that it's heads you win, tails I lose. The government, I think, agrees that if there are bypass liquidations that support the importer's position, those cannot be considered. But the government seems to argue that if there are bypass liquidations that contradict the importer's classification, those bypass liquidations do have to be considered. We disagree with that interpretation. And, in fact, the history of the regulation makes it very clear and reinforces the conclusion that bypass liquidations cannot be considered for any purpose. Could I understand your treatment argument? But there is an alternative argument about consistent uniform practice. That's right. I question whether that's correct given the 2005 ruling here. How can there be a consistent uniform practice where you had a 2005 ruling which came out the other way? The treatment argument relies on a two-year period. I understand. And for the uniform and established practice argument, that considers the treatment of all importers, the third-party importers, and we believe that their treatment was consistent from approximately 2007 through 2014. Yeah, but that doesn't really answer my question. It's not consistent with the 2005 ruling. I mean, the consistent uniform practice, unlike the treatment thing, which, as you point out, is concerned with a two-year period, is not limited to a two-year period. It would seem to go back as far as this issue has been considered. And you have a problem there, it seems to me, with the 2005 ruling. And just tell me why I'm wrong about that. I understand your treatment argument. It's a good argument, but I don't think that your consistent uniform practice argument really works, given the 2005 ruling. I agree with Your Honor, that if you include the ruling letter in the uniform and established practice argument, that argument is not going to work. We think that it should be limited to the time period I suggested starting after that and the treatment, the uniform and established practice argument, exists during that seven-year period, because customs changed its position in 2007. Okay. The, I think I was going to say, the drafting of the regulation supports the conclusion that bypass liquidation should not be considered in the treatment analysis. It makes it very clear that there is a distinction between customs actions on the one hand and non-actions, and it makes it clear that non-actions include entries that are processed automatically, in other words, bypass liquidations. And what about the two-year issue? I mean, this seems to be also, even if we accept your notion that the bypass entries have to be ignored, as the regulation seems to say, there's still a question as to how you calculate the two-year period, which the parties differ about. Sure. The two-year period that we're claiming is August of 2008 through November of 2010. And then for the entries, there are really three groups of entries. Two-thirds of the entries, 30 of the 45 entries in issue, were entered after November of 2010. Is the claim for treatment tied to the entry date? Is that what it is? Well, that's the government's position. Yeah, it is. And so if that is correct, but we think that in this case the treatment analysis should be based, since we're basing the claim on protest approvals, we should be looking at the date that protests are considered. But would that be true all the time? Because a lot of the time protests come quite a bit later. The regulation is a little bit flexible, so that if your treatment claim is based on liquidations, then I would say you look at the entry date. If your claim is, in our case, based on the protest approvals, you look at the date that the protests were approved. And so we had two years and three months in which the protests were approved, covering 35 entries plus nine individual entries. That should clearly apply prospectively to the future entries. It should apply to the protests that were filed afterward. And then there is a third group of protests that had previously been filed, but those were processed by customs under the process suspension procedure, in which customs agrees to withhold action on particular protests pending a decision on an earlier protest that is linked to it. And since the treatment was established in the earlier protests and the treatment accrued as the result of the approvals of the previous protests, that protest suspension procedure should mean that it applies to the remaining undecided protests that had been suspended under the protests that resulted in the treatment. You can save the rest of your time if you like. Yes, I will reserve the rest of my time if the court has no arguments at this point, no questions at this point. Ms. Triana? Good morning, Your Honors, and may it please the court. The trial court properly determined based on... I've got to say, I find the government's position baffling as to how it is that you can say that these bypass entries are relevant when the regulation explicitly says they're not, and our cases have so interpreted the regulation. So, Your Honor, I think a review of the entirety of the regulation makes clear that they have to be considered here. When you look at the regulation, which is 177C1, which is provided to you by Kent in its submission, the first subsection provides the requirements that an importer has to establish in order to make a claim of treatment. There has to be an actual determination. The determination has to be made by someone that's responsible for making that determination. And then over a two-year period, immediately preceding the claim of treatment, it has to be consistently applied on a national basis as reflected in liquidations, reconciliations, or other customs actions, and with respect to all or substantially all of that person's customs transactions. It doesn't say that bypass cannot be considered here. Certainly, the Long Beach liquidations fall within the all or substantially all... It says for purposes of establishing whether requisite treatment occurs and third, customs will give no weight whatsoever to informal entries and to other entries or transactions which customs process expeditiously. That is, to bypass entries. I mean, you don't disagree that that's what it says, right? It is what it says, but it does not preclude the consideration of bypass entries in all instances. And I think we have to look at... Subsection 1 that we were just referencing provides the framework. It provides the requirements. And then subsection 2, 3, and 4 provide guidance to the importers and the customs and the court here in how to interpret or how to satisfy what's in subsection 1. And if you look at subsection 2 in its entirety, it says that a determination will be made on a case-by-case basis considering all relevant factors. And then it talks about the level of review by customs. And it's saying that it will consider the examination of the merchandise and whether it was otherwise reviewed. And then it goes on to say that the provision that we were speaking about, that customs will give no weight to entries that came in without review. So the focus is on customs' review of entries in that particular provision. While there's certainly a limitation on the consideration of bypass entries, it doesn't preclude them in all circumstances. The purpose of the reference... It seems to preclude them in all circumstances. The purpose of the reference... It doesn't whatsoever. So the purpose of the reference to entries processed without review is to ensure that there is no treatment accorded when customs has never spoken on an issue, when there's no examination, no review of an entry, as they were referencing earlier in that provision. So customs is not bound by any classification of merchandise solely because that's the classification at entry made by an importer. They can't be used to establish that liquidation in a particular heading constitutes a treatment. And this makes sense. Treatment affords an importer protections under 1625 that they're not entitled to unless customs has spoken on a particular issue. And if you go back to the Federal Register, when CBP promulgated that exact regulation, it says that customs said the language reflects the operational reality that the vast majority of entries are never reviewed by customs and that it would be inappropriate to conclude as a legal matter that customs accorded a treatment in those circumstances. So we're talking about the circumstances where customs has never spoken on an issue, and that's what that subsection is referencing. Customs has spoken on this issue. There's a 2005 binding ruling, but I want to refer the Court's attention to subsection 4 in that exact regulation because that identifies the burdens in making a treatment claim, and that's going to talk about when you can consider bypass entries. So it says the evidentiary burden as regards to the existence of the previous treatment is on the person claiming treatment. And then it goes on to say, well, how do I satisfy that consistent application of a classification determination? And it's saying ordinarily we get a list of entries and all the information about the entries, when it was made, the port of entry, and the name and location of a customs officer. But if you look at the last part of that one, it says, in addition, in cases which an entry is liquidated without any customs review, again, we're talking about bypass entries, the person claiming a previous treatment must be prepared to submit to customs written or other appropriate evidence of the earlier actual determination that the person relied on in making that entry. So we're not trying to establish a treatment claim, which is what those two provisions are for, but what they show together is that you can consider them in certain circumstances. In subsection 4, they're saying even an importer or the court can consider them or customs can consider them when they are supported by a determination, when customs has spoken on an issue and that is followed by liquidations under that particular issue. So you have to read all of those together. What the regulations read together are trying to say that this is how an importer can establish a treatment. Ordinarily, if customs hasn't spoken on the issue, these bypass liquidations can't be considered, and that makes sense. They're not entitled to a determination that customs treated its entries. And when customs has spoken, you may be able to consider these bypass entries. That all said, you have to go back and look at subsection 1, which says there has to be a consistent application of a classification determination, and that can't exist here. Customs did speak on this issue. There's a 2005 ruling, a binding ruling on Kent, indicating that 8714 was the appropriate classification. And Kent acted appropriately based on that ruling. They made almost every entry of merchandise in 8714. Even the ones that were ultimately approved by the Port of Newark, those entries were made in 8714, they were liquidated in 8714, and then there were protest approvals. The purpose here, the point here, is that we have inconsistent determinations and inconsistent liquidations based on those determinations. There was a binding ruling, and Kent understood the binding nature of that ruling when they entered all their merchandise under that provision. And then you have two ports of entry that liquidated Kent's entries differently. Based on that, the trial court properly determined that there can't be a treatment of classifying merchandise in 9401 because you have to consider whether any determination made by Customs was consistently applied on a national basis. This was one port of entry that made an error. They should have been following that ruling as well. They made an error. This is one port of entry. This was not on a national basis. On the point of the time period that the court... The time period identified by Kent is incorrect. Even if the court found that there was a treatment during this 2008 to 2010 time period, it would only apply to entries that are made after that time period. The regulation references a two-year period immediately preceding the claim of treatment in which a consistency in application of a classification determination is required. So the question is when did the claim of treatment occur? And American Fiber and Finishing, which is a CIT decision, addresses this exact issue of when a claim of treatment occurs. It occurs the date the importer first entered merchandise that wasn't afforded that treatment. So what you're saying when you're making a treatment claim is at the time we entered this merchandise, I was entitled to this treatment. So you have to look back two years prior to when you made that entry. So the first entry at issue in this case came in in December of 2008. The first decision classifying merchandise in 9401 happened only a few months earlier in August of 2008. So if the court were to find that a treatment existed, it wouldn't apply until the entries were made after that time period. That's when there would be, if a treatment claim is made, an expectation that you would be entitled to that particular treatment. There needs to be a two-year period preceding that treatment. As to third-party entries, the trial court correctly rejected Kent's treatment claim based on the classification of any competitor entries. Even if there existed evidence of a third-party liquidation of child bicycle seats in 9401, they can't be considered without also considering Kent's own entries, which we already established were inconsistent over the requisite time period and over the entire period of their importation of these child bicycle seats. And it's for this precise reason that the trial court properly held that this argument fails for the same reason that Kent's own claim of treatment fails. Given that Kent's ruling, the 2005 ruling, in addition to the liquidation of its merchandise in heading 8714, this claim also must fail. We agree with this court's decision in California Industrial Products that held that, on the facts of that case, a treatment claim can be based on actions with respect to a third party. But there still needs to be a two-year period of prior consistent determinations on a particular issue before you can consider a treatment or before you can consider any entries, third party or your own entries, in a treatment analysis. If you put aside the bypass entries, there was consistent treatment, right? Well, if you put aside the entries that were liquidated in the other heading, I would argue no, because even as the entries, the protest approvals, you still have a binding ruling requiring classification in a different heading, and you're required to enter merchandise. I'm not understanding. We're talking about the treatment claim. If, in fact, the bypass entries are to be disregarded in accordance with the regulation in assessing the treatment claim, you lose, right? I don't think so, Your Honor, because you would still have... So, although we don't highlight this in our brief, those entries, even the ones at the Port of Newark, they were originally entered and liquidated in 8714, and then we had a protest approval. So, that would be saying that the treatment is that you enter it in 8714, get liquidation in 8714, and then you get protest approval decision in 9401. That would be the treatment that we would say. That would be inconsistent with any case law. That said, these facts are unique in that there was a decision to classify merchandise in 9401 or protest approvals at the same time as a binding ruling, but I would argue that even not considering those Long Beach entries, you would have to consider the fact that there is a ruling that... But the ruling is outside the two-year period. Well, the rulings aren't part of a treatment analysis, but here, the ruling is dictating how people are acting. It's dictating how Kent is acting, and it was dictating the fact that they were originally liquidated in 8714 during the two-year time period, even the ones at the Port of Newark, New York. But we can't also ignore the liquidations that happened at the Port of Long Beach pursuant to the bypass procedures. There is nothing in the regulation, if right in its entirety, that precludes the consideration of bypass entries. The reason that the regulation... I don't think you're answering my question. Let's assume you're wrong about the bypass entries. You lose. No? I don't believe so, Your Honor, because even as to the ones that... Well, if you're considering the fact that the ones in Newark were unlikely also bypass entries when they first came in, is that what you're considering also? Because the bypass entries that we feel dictate a denial of a treatment claim are the ones that came in in Long Beach. The ones that came in in Newark are the ones where the protest was ultimately approved by customs. But even as to the ones in Newark, when they were entered, they entered in 8714 and liquidated in 8714. There was no expectation or there couldn't be a reasonable expectation based on that set of facts, entry in 8714 and liquidation in 8714 and a protest decision, a granted protest in 9401 to establish treatment. The trial court also correctly held that there was no established and uniform practice of classifying child bicycle seats in heading 9401. I believe Ken has agreed with that determination. We have about a minute left if you want to finish up, counsel. I just want to reiterate that the regulation 17712C has to be read in its entirety. And yes, that one provision is providing a circumstance when you can't consider bypass entries. But subsection 4 clearly says there's other circumstances when you can. And that's also, those are limitations on when you can use bypass entries to establish a treatment claim. Nothing takes away from subsection 1, which are the clear requirements of treatment that said there has to be a consistent classification, assistant application, consistent application of a classification determination. And that doesn't exist on these facts. Thank you, Your Honor. Thank you, counsel. Mr. Reed has some rebuttal time if he needs it. Thank you, Your Honor. A couple of points with respect to paragraph 4 of the regulations. The lower court certainly did not invoke that provision in considering bypass entries. And also I noted that it was not discussed in the government's brief. So I refer the court to this court's decision in the Motorola case that is mentioned in both parties' briefs. And in the final Motorola decision, this court ruled that where there are entries that are made pursuant to a prior ruling, those entries cannot count in a treatment analysis because treatment is separate from 1625C1, which governs rulings and entries made pursuant to the ruling. And so I think that that case eliminates the use of subsection 4 in this case. Then I think I also agree with something the government said, which is that the treatment here that we're claiming is not only that the goods were classified as seats, but the other part of the treatment was that customs ignored the ruling letter. It began to ignore it. Well, this doesn't count as part of the treatment, but Kent was told in 2007 that that ruling no longer represented customs position anymore. And then it is reflected in the treatment of the approvals, the protest, from 2008 through 2010. And so the treatment is both the classification and the disregarding of the ruling that no longer represented customs position. And then even to the extent that the bypass entries might be liquidated, and I agree with the suggestions of the bench that they should not be, an additional issue here is that Kent had filed protests against the liquidations. And the protests need to be considered because the cause to the regulation says that the treatment analysis needs to take into account, make an assessment of all the relevant factors. Here, Kent had a legal obligation to avoid a penalty to make entry consistent with the ruling, but it reserved its rights by filing protests. And the concept of a protest is that all rights are reserved, the action that you take, that you are protesting is made without prejudice, and therefore the fact that Kent had to make entry under the other provision and the goods were classified in liquidation under the other provision should not prejudice Kent's rights to claim a treatment. And if the court has any further questions, I will entertain them, and if not, I will close here. Thank you. Thank you to both counsel. We'll take the case under the submission. And that concludes today's arguments. All rise. The Honorable Court has adjourned until tomorrow morning at 10 a.m.